Filed 11/9/23  P. v. Moore CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

CLINTON LORENZO MOORE,

    Defendant and Appellant.

E079560

(Super.Ct.No. RIF1201595)

OPINION

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Judge.  Reversed and remanded with directions.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Lynne G. McGinnis and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

Clinton Lorenzo Moore appeals the summary denial of his Penal Code section 1172.6 petition to vacate his attempted murder conviction. Moore argues the trial court relied on improper representations from the prosecution and otherwise did not adequately review the record of conviction before denying his petition. The People agree, and we agree with the parties. Therefore, we reverse the order denying Moore's petition and remand for further proceedings.

## BACKGROUND

In 2012 Moore pled guilty to attempted murder (Pen. Code,[1] § 664/187) and carjacking. (§ 215, subd. (a).) He also admitted to one enhancement for personally discharging a firearm causing great bodily injury. (§ 12022.53, subd. (c).) While he admitted there was a factual basis for his plea, he did not identify any document as containing that factual basis.

In 2022 Moore petitioned for resentencing under former section 1170.95, later renumbered to 1172.6. His petition was a two-page form, where he checked boxes alleging he met the prima facie requirements for resentencing. The prosecution did not file a response.

---

[1] Unlabeled statutory citations refer to the Penal Code.

The court held a prima facie hearing on the petition in August 2022. At the hearing, the prosecution told the court the petition contained a statement from Moore that " 'the police report shows that the defendant did in deed [*sic*] accidentally shoot the victim.' " This statement appears nowhere in the record, and certainly not in the petition Moore filed. Nevertheless, the prosecution argued that between this statement and his admission that he personally discharged a firearm, Moore did not make a prima facie case for eligibility for relief. Moore's trial counsel then stated he "confirmed what [the prosecution] has said and submit." The trial court denied Moore's petition "for the reasons stated on the record."

## DISCUSSION

The parties agree that the trial court erred by relying on a statement from counsel that does not appear in the record, and that even if it had not credited this statement, it would still have been error to deny Moore's petition based on the record before it. We agree with the parties, reverse and remand.

Senate Bill No. 1437 (Senate Bill 1437) (2017-2018 Reg. Sess.), effective January 1, 2019, amended the definition of felony murder in section 189 and eliminated liability for attempted murder under a natural and probable consequences theory. Senate Bill 1437 also added what is now section 1172.6, which (in its current version) allows "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced."

3

(§ 1172.6, subd. (a).) Once a court determines that such a petition contains all relevant information, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

When conducting a prima facie review, the court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) "The record of conviction will necessarily inform the trial court's prima facie inquiry," however such inquiry is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "If the record of conviction does not conclusively demonstrate that the defendant 'engaged in the requisite acts and had the requisite intent' to be convicted on a theory of murder [or attempted murder] that remains valid, denying relief at the prima facie stage is improper." (*People v. Barboza* (2021) 68 Cal.App.5th 955, 965-966.)

We agree with the parties that the trial court erred in relying on counsel's representations, and that in any case nothing in the record of conviction before the trial court conclusively established that Moore was not entitled to relief. It goes without saying that counsel's statements are not themselves facts contained within the record of conviction, nor do they appear to be supported by anything in the record of conviction. Therefore, the trial court's reliance on them was error.

Moreover, our independent review of the record of conviction reveals that it does not contain any facts conclusively establishing Moore's ineligibility. All that we know about Moore's actions from the record of conviction is that he admitted to personally discharging a firearm causing injury. But Moore could have been an actual shooter and still been convicted under a natural and probable consequences theory. We do not know that he was the only person who shot the victim, nor do we know for sure that the shooting he admitted to was the basis for the attempted murder conviction.

For this reason, we agree with Moore that the appropriate remedy is to hold that he has made a prima facie showing and remand for an evidentiary hearing on his petition. Because Moore pled without stipulating to a factual basis for his plea outside his record admissions, there is no reason to believe another prima facie review hearing would reveal any new evidence from the record of conviction which would contradict Moore's assertions in his petition. Based on this, the appropriate remedy is not to hold another prima facie hearing, but to remand with directions for the trial court to issue an order to show cause and proceed accordingly. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 990, 992 [noting "the record of conviction involving a plea 'will generally lack any comparable assurance of the basis for the conviction,' " concluding the petitioner made a prima facie case for relief, and remanding with directions to issue an order to show cause].)

## DISPOSITION

We reverse the order denying petitioner's section 1172.6 petition and remand.  On remand, we direct the trial court to issue an order to show cause and to conduct further proceedings as required under section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

FIELDS
J.